[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
A hearing in damages was heard by the court on June 17, 2002 (The court notes it had previously been marked "off" by the clerk's office — as it should have been — because it was inappropriately on the non-arguable calendar 4.). The court heard the matter at the request of Attorney Marshall in view of the presence of his elderly plaintiff.
The named defendant was defaulted for failure to appear by Assistant Clerk St. John on April 22, 2002. Notice is found by virtue of service on the Commissioner of Motor Vehicles, the defendant no longer residing at his last known address and his present whereabouts being unknown.
A military affidavit executed by the defendant establishes his liability for the motor vehicle accident in the city of Trumbull on October 10, 2001, when his vehicle was being driven by a co-employee to whom the defendant had loaned his car. Rear end contact with visible impact to the plaintiff's vehicle was caused by the defendant's agent's negligent operation which Proximately caused the plaintiff's injuries to her neck, back, right jaw, and right shoulder. The plaintiff also experienced headaches for some period. Liability is found on the agency principle.
The court granted the plaintiff's oral motion to amend the complaint to conform to the evidence. Specifically, Paragraph 1 of the complaint dated January 9, 2002, is amended to read, "On or about October 10, 2001. . . ."
The plaintiff claims medical expenses in the total amount of $4,799.80 incurred by treatment with the following medical practitioners and/or services:
Trumbull Emergency Medical Services ($344.80) St. Vincent's Hospital ($220.00) Dr. Patricia Richard ($1,085.00) Andrew Yuan, D.O. ($680.00) Siegliunde Liu, Physical Therapist ($2,470.00)
Treatment began on the date of the accident when the plaintiff was taken by ambulance to St. Vincent's Hospital. Thereafter, she treated with Dr. Richard four (4) times from October 18, 2001, until May 10, 2002. Dr. Richard diagnosed soft tissue injuries to the neck and back, a right rotator cuff tear (which diagnosis the court does not accept in the absence of supporting tests or films), and an undefined injury to the right ring finger. She also diagnosed an exacerbation of a prior jaw CT Page 7880 injury and the court notes reference in Dr. Richard's report of October 18, 2001, (eight days after the accident) to the plaintiff having been in another auto accident on June 18, 2001, "for which she had treatment." In her report of May 16, 2002, Dr. Richard assesses 3% to the jaw, 5% of the cervical, and 5% of the lumbosacral as attributable to this accident.
The plaintiff saw Mr. Yuan on five occasions, she states, from October 18, 2001, through March 11, 2002. His field is physical medicine and rehabilitation. That practitioner's report of October 18, 2001, notes the plaintiff was under his care for the June 18, 2001, accident and states, "At this point she is being treated for that aforementioned injury as well. History of neck, back, and lower shoulder pain and also borderline hypertension. The patient has progressively noted increased weakness of the right upper extremity as related to the October 10, 2001 injury." Relevant is that, during this hearing, the plaintiff was asked no questions regarding the June 18, 2001 accident; thus, the only information relative to the effects of this motor vehicle accident vis-a-vis the June 18, 2001, accident is that which can be gleaned from the medical records and not from the plaintiff's own testimony. Mr. Yuan notes the injuries attributable to this accident are confined to the cervical, right upper extremity, and left lower extremity. To the June 18, 2001, accident, he attributes "sustained TMJ, neck and also low back and shoulder problems." His report of May 6, 2002, notes "no further limitation when it comes to functional activity" but states she had residual discomfort and pain above and beyond that of her earlier injury; he assesses a new permanency of 2% to the cervical spine, the shoulder, and the back and an additional 2% to generalized aches and pains to those areas. The court rejects the last referenced 2% as included in the already assigned permanencies of the cervical, shoulder, and low back in view of there being no functional limitations of those areas.
No reports of the physical therapist whom she saw on numerous occasions from October 25, 2001, through February 26, 2002, are provided nor is the court aware whether the plaintiff treated with that individual — as she did with Dr. Richard and Mr. Yuan — for the accident which occurred four months prior to the instant accident.
Noteworthy is that the plaintiff testified to having to wear a splint orthotic device for four hours each day for approximately two months following this accident. That orthotic was prescribed by Dr. Richard for the June accident.
The plaintiff testified she felt "mostly okay" at this time though sometimes she felt "a little bit hurt." While she can no longer garden to the same extent she did before this accident and can no longer shovel snow, she continues to garden approximately one hour per day, mows her CT Page 7881 lawn on a tractor mower, and line dances four times weekly at a senior citizens center. She lives alone and is able to drive, grocery shop, cook, and accomplish the normal household activities without help. She continues to exercise one half hour per day and walks fifteen minutes daily.
For increased permanency to her neck, back, and jaw, the sum of $10,000 in non-economic damages is awarded.
Judgment enters for the plaintiff in the amount of $14,799.80.
 ___________________ B.J. SHEEDY, J.